**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Deutshe Bank National Trust Company, | ) | CASE NO. 1:06 CV 1651 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Patricia A. Malcolm, | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff's Motion to Dismiss Defendant's

Counterclaim for Failure to Prosecute (Doc. 9).

For the following reasons, the Court determines that it lacks jurisdiction over this

matter and *sua sponte* remands this case to the Cuyahoga County Court of Common Pleas.

Further, the Court's order compelling arbitration (Doc. 7) is VACATED.

**FACTS**

Plaintiff, Deutsche Bank National Trust Company, filed this foreclosure case against

defendant, Patricia A. Malcolm.  Defendant asserted a class action counterclaim against

plaintiff for, among other things, violation of the Fair Debt Collection Practices Act.

Thereafter, plaintiff removed this action to this Court.  Plaintiff then filed a motion to compel

arbitration of defendant's counterclaim.  Defendant did not oppose the motion and this Court

granted it as unopposed.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if,

at any time before trial, it appears that the federal district court to which they were removed

lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.,* 183 F.3d 488, 493 (6th

Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction,

remand to state court is mandatory.").  Even when the parties do not themselves raise any

jurisdictional issues, "federal courts have an independent obligation to investigate and police

the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d

604, 607 (6th Cir. 1998).  Moreover, "[i]n examining the propriety of the removal...removal

statutes are strictly construed against removal, such that doubt should be resolved in favor of

remand." *Lexington-Fayette Urban County Governmental Civil Service Commission, v.*

*Overstreet*, unreported, 2004 WL 2452679 (6th Cir. Oct. 29, 2004)*(citing Shamrock Oil &*

*Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

### ANALYSIS

28 U.S.C. §1441 provides, in relevant part,

(a) Except as otherwise expressly provided by Act of Congress, any civil action
brought in a State court of which the district courts of the United States have original
jurisdiction, may be removed by the *defendant or the defendants*, to the district court
of the United States for the district and division embracing the place where such

action is pending.

28 U.S.C. § 1441(a) (emphasis added).

Interpreting the above language, federal courts have consistently held that "it is clear that the privilege of removal extends only to *defendants* and not to *plaintiffs*." *McCane v. McCane*, 47 F.Supp.2d 848, 851 (E.D. Mich. 1999) (emphasis in original) (citing *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) and *Shamrock Oil*, 313 U.S. at 104).  *See also Stroud v. Ward*, 1989 WL 96420 at ** 1 (6th Cir. Aug. 21, 1989).  This has been held to be the case even when the plaintiff is in the position of a defendant with regard to a counterclaim asserted against them.  *See e.g. Shamrock Oil*, 313 U.S. at 104 (interpreting prior version of removal statute); *Ballard's Service Center, Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989); *Integrated Disability Resources, Inc. v. Cicchillo*, 2005 WL 1680790 at * 1 (N.D. Ohio July 19, 2005); 14C Wright & Miller § 3731 (stating that "[t]hus, the plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them" and citing cases).

Based on the above well-settled principles of law, the Court finds that plaintiff improperly removed this case to this Court.  Although the Court initially granted the motion to compel arbitration in that no party raised the issue of this Court's subject matter jurisdiction, this Court must independently ensure that subject matter jurisdiction exists.  Having concluded that jurisdiction is lacking, remand is required.

**CONCLUSION**

For the foregoing reasons, the Court *sua sponte* remands this action to the Cuyahoga County Court of Common Pleas.  In addition, the Court's order compelling arbitration is

3

VACATED.

     IT IS SO ORDERED.


           /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge

Dated: 8/29/08